UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

440 WEST 164th STREET HOUSING
DEVELOPMENT FUND CORPORATION

Debtor.

Chapter 11
Case No. 15-20003 (RDD)

------------------------------------------------------------------------

INNA KHITERER, individually and derivatively on behalf of 440 WEST 164TH STREET HOUSING DEVELOPMENT FUND CORPORATION,

Plaintiff,

-against-

440 WEST 164th STREET HOUSING
DEVELOPMENT FUND CORPORATION,
FIA 164 HOLDINGS LLC, MARK SCHWARTZ, and
JOHN DOES "1" through "50"

Defendants.

Adv. Proc. No. 15-08276 (RDD)

**ANSWER**

PLEASE TAKE NOTICE that Defendants FIA 164TH ST Holdings LLC a/k/a FIA 164TH Holdings LLC ("FIA 164") and Mark Schwartz ("Schwartz") (FIA 164 and Schwartz shall sometimes hereinafter be collectively referred to as "Defendants"), appearing by their attorney THE LAW FIRM OF CANDACE C. CARPONTER, P.C., interpose the following Answer to the Complaint of the Plaintiff, as follows:

1.  Deny each and every allegation contained in the paragraphs of the Complaint numbered 1, 7, 21, 33, 35-37, 41, 42, 44-48, 50, 52, and 53.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint numbered 2-6, 8, 14, 15, 27-31, and 38.

3. Admit the allegations contained in the paragraphs of the Complaint numbered 9-12, 32, 34, 39 and 40.

4. Deny each and every allegation contained in the paragraph of the Complaint numbered 13, and expressly state the members of the Debtor's board of directors are known to the Plaintiff.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint numbered 16-20, 22, 23, 25 and 26 and respectfully refer this Honorable Court to the relevant documents referenced in the Complaint.

6. Deny each and every allegation contained in the paragraph of the Complaint numbered 24, and respectfully refer this Honorable Court to the relevant documents referenced in the Complaint.

7. Deny each and every allegation contained in the paragraph of the Complaint numbered 43, except to admit that a special meeting was held on November 10, 2014.

8. Deny each and every allegation contained in the paragraph of the Complaint numbered 49, except to admit that other persons have been elected as members of the board.

9. Answering Defendants repeat and reiterate the same admissions and denials as set forth in response to the paragraphs of the Complaint referred to in the paragraph numbered 51 as if more fully set forth herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Plaintiff INNA KHITERER ("Plaintiff") fails to state a cause of action upon which relief can be granted against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.   Plaintiff's claims are barred by documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.   Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.   Plaintiff's claims are barred by ratification.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.   Plaintiff has failed to meet a condition precedent prior to commencing this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.   Plaintiff lacks standing to maintain this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.   Plaintiff's claims are barred by accord and satisfaction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.   Plaintiff' claims are barred by unclean hands.

## AS AND FOR A FIRST COUNTERCLAIM

18.   On or about August 4, 2014, as a part of the transaction involving the sale of Apartments #44 and #32 ("the Contracted Units") located at 438-440 West 164th Street, New York, NY ("the subject building") Defendant FIA 164, Riverside Abstract, LLC ("Riverside" or "the Title Company") and Plaintiff entered into an Escrow Agreement ("the Escrow Agreement").

19.   Pursuant to its express terms, the purpose of the Escrow Agreement expressly stated by the parties, was as "an assurance of her [Plaintiff's] cooperation in removal of 7A Administrator,[and] irrespective of whether or not the 7A Administrator is released, the

$125,000 is held for convenience only and shall be released to Inna Khiterer or her order on November 30, 2014." ("the Escrow termination date").

20. Pursuant thereto, $125,000 was deposited in Escrow with the Title Company, to be released until the earlier of the removal of the 7A Administrator or November 30, 2014.

21. Pursuant to Exhibit A of the Escrow Agreement, "Escrow Funds shall not be released until [Plaintiff] Inna Khiterer executes ACRIS Documents for Apartment #44 and #32 on behalf of the sellers." (Apartments #44 and #32 referred to as "the Contracted Units").

22. Despite the fact that the Escrow termination date has passed, Plaintiff has failed and refused to sign any ACRIS documents to effect the transfer of the shares to the Contracted Units.

23. Accordingly, Defendant FIA 164 is entitled to an order of this court directing Plaintiff to specifically perform under the terms of the Escrow Agreement by executing the said ACRIS documents, and taking any and all other steps necessary to transfer the shares for the Contracted Units to Defendant FIA 164.

## AS AND FOR A SECOND COUNTERCLAIM

24. The Defendants repeat and reallege paragraphs 18 through 23 above as if they were fully set forth herein.

25. Pursuant to the express terms of the Escrow Agreement, the Plaintiff and Defendant FIA 164 jointly and severally agreed to defend, indemnify and "hold Escrow Agent [the Title Company] harmless from and against all costs, claims and expenses (including reasonable attorneys' fees) incurred in connection with the performance of Escrow Agent's duties" under the Escrow Agreement, except in the case of gross misconduct.

26. Thus, Defendant FIA 164 is responsible along with Plaintiff for the costs and expenses incurred by Title Company to defend the litigation brought by Plaintiff, Lothar Kroll, Sergei Loentev, and Andreas Kroll insofar as it raised claims against the Title Company.

27. By Order dated April 15, 2015 the Supreme Court of the State of New York, State of New York (the Honorable O. Peter Sherwood presiding), dismissed the claims brought by Plaintiff against the Title Company, as baseless and without any foundation.

28. Because Defendant FIA 164 has committed no wrong, but may be held liable for the legal fees incurred by the Title Company as a result of the frivolous conduct and wrongdoing of Plaintiff, Defendants are entitled to indemnification from Plaintiff for any fees that Defendants may be liable to pay to the Title Company.

## AS AND FOR A THIRD COUNTERCLAIM

29. The Defendants repeat and reallege paragraphs 18 through 28 above as if they were fully set forth herein.

30. The Plaintiff has brought numerous claims against the Defendants in both the instant action and an action which was stayed in State Court.

31. The Plaintiff has instituted the said litigation solely to force the Defendants to pay her to discontinue the within litigation and that instituted in State Court.

32. The entire Complaint (and the similar allegations made in State Court) are completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; the said litigation was undertaken primarily to harass or maliciously injure Defendants; and Plaintiff has asserted material factual statements that are false.

33. Thus, Plaintiff should be held liable to Defendants for costs incurred in defending the instant litigation, in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, in an amount no less than $25,000.00.

### AS AND FOR A FOURTH COUNTERCLAIM

34. The Defendants repeat and reallege paragraphs 18 through 33 above as if they were fully set forth herein.

35. Pursuant to the express terms of the contracts for the sale of apartments #1, #31, and #42 ("the transferred units") of the subject building, the purchase prices were precisely defined, and paid by Defendant FIA 164.

36. Pursuant to the contract of sale for Apartment #1, FIA 164 purchased apartment #1 for $48,000.00.

37. Pursuant to the contract of sale for Apartment #31, FIA 164 purchased apartment #31 for $55,000.00.

38. Pursuant to the contract of sale for Apartment #42, FIA 164 purchased apartment #42 for $50,000.00.

39. The Defendant FIA 164 paid to the Plaintiff acting on behalf of Lothar Kroll, Sergei Loentev, and Andreas Kroll the aforementioned amounts.

40. The foregoing notwithstanding, by the instant action, the Plaintiff claims that the closings of the sales of the aforementioned transactions were never consummated.

41. By reason of the foregoing, the Plaintiff has breached the Contracts.

42. Accordingly, the Defendants have suffered damages in the sum of no less than $200,000.00.

## AS AND FOR A FIFTH COUNTERCLAIM

43. The Defendants repeat and reallege paragraphs 18 through 42 above as if they were fully set forth herein.

44. Pursuant to the express terms of the contracts for the sale of apartments #32, and #44 ("the Contracted Units") of the subject building, the purchase prices were precisely defined.

45. Pursuant to the contract of sale for Apartment #32, Plaintiff defined the purchase price as $168,000.00 to be paid as follows: $65,000.00 to be deposited into Escrow for Plaintiff, and $103,000.00 to be paid at closing to Plaintiff.

46. Pursuant to the contract of sale for Apartment #44, Sergei Leontev defined the purchase price as $169,000.00 to be paid as follows: $60,000.00 to be deposited into Escrow for Community Homes LLC, and $109,000.00 to be paid at closing to Community Homes LLC.

47. Defendant FIA 164 paid said sums of $168,000.00 and $169,000.00, as directed, yet Plaintiff has failed and refused to transfer the contracted units to Defendants.

48. By reason of the foregoing, the Plaintiff has breached the Contracts.

49. Accordingly, the Defendants have suffered damages in the sum of no less than $200,000.00

**WHEREFORE**, answering Defendants demand judgment dismissing the Complaint in its entirety, granting judgment on their counterclaims in their entirety as follows:

On the First Counterclaim, an order of this court directing Plaintiff to specifically perform under the terms of the Escrow Agreement by executing the ACRIS documents, and taking any and all other steps necessary to transfer the shares for Apartments #44 and #32 to Defendant FIA 164;

On the Second Counterclaim, indemnification from Plaintiff for any fees that Defendants may be liable to pay the Title Company in an amount to be determined;

On the Third Counterclaim, judgment against Plaintiff for costs incurred in defending the instant litigation, in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, in an amount no less than $25,000.00;

On the Fourth Counterclaim, judgment in the sum of $200,000.00 for breach of contract;

On the Fifth Counterclaim, judgment in the sum of $200,000.00 for breach of contract;

and granting such other and further relief as this Court seems just and proper.

Dated: June 17, 2015
Brooklyn, New York

        Yours, etc.,

        THE LAW FIRM OF CANDACE C. CARPONTER, P.C.
        Attorneys for Defendants,
        FIA 164TH ST Holdings LLC a/k/a FIA 164TH Holdings LLC
        and Mark Schwartz
        By: Candace Carponter (CC6719)
        31 Smith Street, Second Floor
        Brooklyn, NY  11201
        212-367-9600

## VERIFICATION

CANDACE CARPONTER, being the attorney for the Defendants FIA 164TH ST Holdings LLC a/k/a FIA 164TH Holdings LLC and Mark Schwartz herein, hereby affirms under the penalties of perjury and pursuant to CPLR Section 2106 that she has read the foregoing answer and knows the content thereof, and that, upon information and belief, the same is true. The source of your affirmant's information and belief are oral statements and records furnished by Defendants. The verification is made by the undersigned because the Defendant FIA 164TH ST Holdings LLC's offices and the Defendant Mark Schwartz's residence is not located within the county in which your affirmant's office is located.

_____
CANDACE C. CARPONTER

Dated: Brooklyn, New York
June 17, 2015