Efrem Schwalb  **Hearing Date & Time: August 20, 2015 at 10:00 a.m.**
KOFFSKY SCHWALB LLC  **Objection Deadline: August 13, 2015 at 5:00 p.m.**
349 Fifth Avenue, Suite 733
New York, NY 10016
Tel: 646.553.1590
Fax: 646.553.1591
E-Mail: eschwalb@koffskyschwalb.com

*Attorneys for 440 West 164th Street Housing Development Fund Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
*In re*                                                      :   Chapter 11
440 WEST 164th STREET HOUSING                                :   Case No. 15-20003 (RDD)
DEVELOPMENT FUND CORPORATION,                                :
                                                             :
        Debtor.                                              :
---------------------------------------------------------------x
INNA KHITERER, individually and derivatively                 :   Adv. Proc. No. 15-08276 (RDD)
on behalf of                                                 :
440 WEST 164th STREET HOUSING                                :
DEVELOPMENT FUND CORPORATION,                                :
                                                             :
        Plaintiff,                                           :
    v.                                                       :
                                                             :
440 WEST 164th STREET HOUSING                                :
DEVELOPMENT FUND CORPORATION,                                :
FIA 164 HOLDINGS LLC, MARK                                   :
SCHWARTZ and JOHN DOES "1" through "50",                     :
                                                             :
        Defendants.                                          :
---------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANT 440 WEST 164th STREET HDFC**
**IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE,**
**TO STAY THIS ACTION**

Page

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT FACTS ................................................................................... 3

        A.      Plaintiff Agrees to Sell Her Shares in HDFC ............................................ 4

        B.      Plaintiff Delivers Her Voting Proxy to FIA ................................................ 5

        C.      The Alleged Improper Election ................................................................. 6

        D.      The Removed Action and the Current Proceeding .................................... 6

ARGUMENT .............................................................................................................................. 7

    I.      PLAINTIFF'S CLAIM FAILS BECAUSE NO DEMAND WAS MADE
ON HDFC AND THE COMPLAINT DOES NOT ALLEGE THAT
DEMAND WAS FUTILE ....................................................................................... 7

    II.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF
IS NOT A LEGALLY ADEQUATE REPRESENTATIVE OF HDFC ................. 7

    III.    PLAINTIFF'S CLAIM IS BARRED BY ESTOPPEL ........................................ 10

    IV.    IN THE ALTERNATIVE, THE ACTION SHOULD BE STAYED
PENDING THE COURT'S DECISION REGARDING THE
OWNERSHIP OF THE SHARES PLAINTIFF SOLD TO
DEFENDANTS SCHWARTZ AND FIA ............................................................ 11

CONCLUSION ......................................................................................................................... 12

Defendant 440 West 164th Street Housing Development Fund Corporation ("Debtor" or "HDFC") submits this memorandum of law in support of its motion to dismiss the Complaint [Docket No. 1] against HDFC pursuant to Federal Rule of Civil Procedure 23.1 ("Rule 23.1") and Federal Rule of Civil Procedure 12(b)(6), made applicable here by Bankruptcy Rule 7012, or, in the alternative, to stay the claims concerning HDFC in this action.[1]

## PRELIMINARY STATEMENT

Plaintiff is a former President and director of HDFC who orchestrated the sale of five HDFC cooperative apartments that she controlled in August of 2014 (the "August 2014 Transaction"). As the Complaint makes clear, while Plaintiff was running HDFC, the cooperative failed to pay its taxes and other charges and New York City commenced a foreclosure action which if not resolved will wipe out whatever equity remains for HDFC's shareholders. Therefore, Plaintiff decided to cash out on the apartments she controlled. On August 4, 2014, the apartment that was held in Plaintiff's name (Apt. #32) was sold for $168,000 to defendant FIA 164 Holdings LLC ("FIA") at which time Plaintiff received $103,000 (along with other funds in connection with the sale of the other apartments), with the remaining $65,000 placed into escrow along with property transfer documents. The escrow funds and property transfer documents were to be released by November 30, 2014, but Plaintiff has refused to sign those transfer documents as she was obligated to do pursuant to the parties' agreement. FIA's claim for specific performance is the subject of the counterclaims brought by FIA in this adversary proceeding, as well as a state court action that was removed to this Court.

After receiving hundreds of thousands of dollars in connection with the August 2014 Transaction and selling her apartment, Plaintiff decided to try to extract more money from FIA

---

[1]    References to "¶ _" are to paragraphs of the Complaint.

and, when FIA refused to agree, Plaintiff commenced the frivolous state court action claiming that the escrow money should be released to her plus she demanded that an additional $200,000 be paid to her. Even though Plaintiff has no interest in HDFC and, in fact, provided proxies for the election that she is now challenging, Plaintiff disingenuously brings this derivative action purportedly on behalf of the shareholders of HDFC seeking a declaratory judgment that recent elections conducted by HDFC pursuant to a special election are null and void. This action is part of Plaintiff's deceptive scheme to try to extort money from HDFC and/or FIA even though she no longer has any interest in HDFC's governance or restructuring.

Plaintiff's action should be dismissed for three separate reasons. First, pursuant to Federal Rule 23.l, a derivative complaint must "state with particularity" what efforts the plaintiff made to urge the directors to bring suit in the company's name or the reasons for the plaintiff's failure to do so. *See* Rule 23.1. The Complaint is devoid of any such allegations. Consequently, it must be dismissed.

Second, under Rule 23.1, an action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation." As demonstrated below, Plaintiff does not and cannot fairly and adequately represent the interests of the company and its shareholders because Plaintiff sold her apartment in HDFC and has an independent lawsuit against defendants Schwartz and FIA that directly conflicts with the claims asserted by Plaintiff in this action. Plaintiff has no interest in HDFC -- the only reason Plaintiff is bringing this action is to extort additional money above the purchase price that she has been paid for her apartment. Because Plaintiff is not a proper representative of HDFC and its shareholders, this action should be dismissed.

Finally, the Complaint should also be dismissed because Plaintiff approved the vote that she seeks to challenge in this action. As a matter of law, Plaintiff is estopped from challenging a corporate vote for which she provided her proxy and for which she is only contesting to improperly extract more money.

In the alternative, as demonstrated below, Plaintiff's claim against HDFC should be stayed. It is well established that a shareholder may not bring a derivative suit unless it will maintain its shares until the end of the lawsuit. In this case, FIA has sued Plaintiff to complete the transfer of her shares in HDFC that should have been closed no later than November 30, 2014. As Plaintiff's ability to maintain her standing is dependent on whether she may maintain her shares in HDFC, Plaintiff's claim against HDFC should be stayed pending the determination of FIA's claim against Plaintiff.

## STATEMENT OF RELEVANT FACTS

Although the facts pleaded in a complaint are presumed to be true on a motion to dismiss, it is well established that a court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Shenk v. Soc. Sec. Admin.*, 2014 WL 1311406, at *5 (E.D.N.Y. Mar. 28, 2014); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). When considering a motion to dismiss an adversary proceeding complaint, a court may take judicial notice of motions filed and orders entered in the underlying bankruptcy case. *See, e.g., In re Century City Doctors Hosp., LLC*, 2010 WL 6452903, at *6 (B.A.P. 9th Cir. 2010); *In re Calpine Corp.*, 2007 WL 4565223, at *4 (Bankr. S.D.N.Y. 2007) (taking judicial notice of entire docket of chapter 11 case, including all pleadings, previous orders and hearing transcripts).

3

HDFC is therefore entitled to rely upon the provisions of the documents referenced by Plaintiff in the Complaint, as well as documents referenced in Plaintiff's related action, Adv. Proceeding No. 15-08277 (the "Removed Action") which was removed to this Court from New York state court, and judicial decisions in related cases.

**A.      Plaintiff Agrees to Sell Her Shares in HDFC**

Plaintiff is a former member of HDFC's board of directors and the former President of HDFC. (¶ 29; *see* Order dated Feb. 14, 2014, p. 2, attached as Exhibit 1 to Declaration of Efrem Schwalb, dated July 21, 2015 ("Schwalb Decl."))._[2]_ Due to numerous violations that occurred while Plaintiff was the President and a board member of HDFC, a 7A administrator was appointed to rehabilitate certain conditions affecting the health and safety of the occupants of the buildings. (*Id.*; ¶ 30). After the appointment of the 7A administrator and with an impending city foreclosure of tax liens, Plaintiff decided to sell her shares in HDFC to defendant FIA 164 Holdings LLC ("FIA"), along with four other shareholders. (¶¶ 31-32). Pursuant to an agreement entered into on August 4, 2014, Plaintiff agreed to sell her shares in HDFC (Apartment #32) for $168,000, of which $103,000 was paid on August 4, 2014 and the balance of $65,000 was placed in escrow. (*See* Complaint Exhibit B). Pursuant to agreement and an escrow agreement dated August 4, 2014 (the "Escrow Agreement"), the $65,000 balance was to be released along with transfer documents that were delivered by Plaintiff into escrow no later than November 30, 2014 after Plaintiff executed and delivered the transfer documents to FIA. (*Id.*; Schwalb Decl." Exhibit 2).[3]

---

[2]     Plaintiff did not reside in the building. (*See* Schwalb Decl. Ex. 1, p. 3).

[3]     The Court may consider all of the documents referenced herein because they are referred to in the Complaint, are related judicial decision, and/or were attached by Plaintiff to other pleadings. The Escrow Agreement is referred to in the Complaint and was attached by Plaintiff as Exhibit H to Plaintiff's papers in the Removed Action.

4

According to the Complaint, "informal closings" were held for apartments 1, 31 and 42 on which date the stock certificates for those units were delivered into escrow subject to closing on the apartments owned by Plaintiff and another shareholder, *i.e.*, Apartments 32 and 44. (¶ 36) However, that allegation is directly contradicted by Plaintiff's complaint in the Removed Action, which states that the "first closing of the shares of Apartments 31, 1 and 42 occurred on August 4, 2014" and the "stock certificates of Apartments 31, 1 and 42 were delivered to FIA and/or Schwartz at the closing." (Schwalb Decl. Exhibit 3 ¶¶ 80-81). Moreover, the Escrow Agreement clearly states that the only items placed into escrow were the transfer documents for Apartments 32 and 44 and the balance of the funds for the sale of those apartments which was to close by November 30, 2014. (*Id.* Ex. 2). Thus, the Escrow Agreement states that FIA "deposited with Riverside Abstract as Escrow Agent ('Escrow Agent') the amount of one hundred [and twenty five] thousand dollars ($125,000) ('Escrowed Funds')" and "Inna Khiterer has deposit[ed] into escrow ownership documents (the 'Escrowed Document') for two cooperative apartments: 440 W 164 St #32 and 440 W 164 St #44." (*Id.*)

B.    **Plaintiff Delivers Her Voting Proxy to FIA**

A special meeting of HDFC's board of directors was called for November 10, 2014. (¶ 43). Plaintiff provided defendants Schwartz and FIA with a proxy dated November 5, 2014 to vote her shares in HDFC at the special meeting. (¶ 46). Pursuant to the proxy, Plaintiff appointed defendants "MARK SCHWARTZ/FIA 164 ST HOLDINGS LLC as my/our true and lawful attorney and agent in my/our proxy for shareholders special meeting dated November 10, 2014 to vote at the meeting and to act as fully as I/we could do if personally present." (Schwalb Decl. Exhibit 4).

5

C.     **The Alleged Improper Election**

Plaintiffs resigned from the board of HDFC in August 2014. (Schwalb Decl. Ex. 3 ¶ 92). An election was called in November 2014 and a new board was elected. (¶ 49). According to the Complaint, the election is null and void because FIA's votes should not have been counted, shareholders were in arrears and board members were elected that were not shareholders of HDFC. (¶¶ 44-50). The Complaint does not state that any demand was made on HDFC regarding the purported improper election or that demand on HDFC would have been futile.

D.     **The Removed Action and the Current Proceeding**

Plaintiff and three other shareholders commenced an action in New York Supreme Court on or about December 18, 2014. In that action, Plaintiff brought individual claims against Schwartz and FIA seeking, among other things, to recover the $65,000 balance that FIA deposited in escrow for Apartment 32, but without signing the transfer documents for the apartment as expressly required by the Escrow Agreement. (Schwalb Decl. Ex. 3 ¶¶ 85-86). Plaintiff further claims in that action that she is entitled to an additional minimum payment of $200,000 from Schwartz and FIA for the sale of Apartment 32 (contrary to the express terms of the parties' agreement),[4] representing the true market value of the apartment. (*Id.* ¶¶ 72, 73, 76, 79). Plaintiff also moved by order to show for injunctive relief. The Supreme Court denied that motion and severed claims brought by the Escrow Agent for attorney's fees and expenses. (Schwalb Decl.

---

[4]    Aside from conflicting with the express terms of the parties' written agreement, an oral agreement relating to ownership of shares in a cooperative apartment fails as a matter of law because it is barred under the Statute of Frauds. *See Lebowitz v. Mingus*, 100 A.D.2d 816, 817 (1st Dep't 1984) (dismissing claim for specific performance of oral agreement to sell shares in cooperative apartment based on statute of frauds); *Alayoff v. Alayoff*, 112 A.D.3d 564 (2d Dep't 2013) (same).

6

Exhibit 5). HDFC commenced a chapter 11 proceeding on March 31, 2015. On May 18, 2015, Plaintiff commenced this action. On May 26, 2015, the state court action was removed by Plaintiff to this Court. On June 11, the Escrow Agent moved to remand the Removed Action to state court.

## ARGUMENT

**I.     PLAINTIFF'S CLAIM FAILS BECAUSE NO DEMAND WAS MADE ON HDFC AND THE COMPLAINT DOES NOT ALLEGE THAT DEMAND WAS FUTILE**

On behalf of all of the shareholders of HDFC, Plaintiff brings a derivative action seeking a declaratory judgment that recent HDFC elections are null and void. However, a shareholder may not bring a derivative action without making a demand on the board of directors that it bring the claims at issue or demonstrate that the demand requirement is futile. *See* Rule 23.1; *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991); *In re Forest Labs., Inc. Deriv. Litig.*, 450 F. Supp.2d 379, 387 (S.D.N.Y. 2006); *Fink v. Komansky,* 2004 WL 2813166, at *4 (S.D.N.Y. Dec. 8, 2004). Rule 23.1 requires that the Complaint state with particularity what efforts the plaintiff made to urge the directors to bring suit in the company's name or the reasons for the plaintiff's failure to do so.

The Complaint here does not allege that Plaintiffs made demand on HDFC, let alone with "particularity." Similarly, Plaintiff did not plead that demand was futile. Consequently, the Complaint must be dismissed. *See, e.g., Kalin v. Xanboo, Inc.,* 2009 WL 928279, at **14-15 (S.D.N.Y. Mar. 30, 2009); *Ryan v. Aetna Life Ins. Co.*, 765 F. Supp. 133, 139-40 (S.D.N.Y. 1991) (dismissing complaint where complaint failed to plead demand futility).

**II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT A LEGALLY ADEQUATE REPRESENTATIVE OF HDFC**

Under Rule 23.1, an action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation." This requirement is "intended to prevent shareholders

7

from suing in place of the corporation in circumstances where the action would disserve the legitimate interest of the company or its shareholders." *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 532, n.7 (1984); *see also* The Business Judgment Rule, Vol. II, Chap. IV.A.5 at 3746 (6th Ed. 2009) ("These considerations are important because 'a shareholder may bring a derivative action to gain leverage by which to settle an unrelated dispute, to advance the shareholder's primary interests as an employee, creditor...or for other reasons not shared by the holders as a class,' and '[w]here courts have discerned conflicts between the real interests of the plaintiff and the interests of the class the shareholder purports to represent, they have been ready to deny standing.'") (quoting 2 Principles of Corporate Governance: Analysis and Recommendations § 7.02 Comment at 38 (1994, as reprinted in 2008)).

A derivative action plaintiff "owes the corporation his undivided loyalty" and "must not have ulterior motives and must not be pursuing an external personal agenda." *See Smith v. Ayres*, 977 F.2d 946, 949 (5th Cir. 1992) (affirming dismissal of action where trial court found plaintiff would not be a fair and adequate representative of shareholders' interests). Moreover, a plaintiff may not bring derivative claims "if a conflict of interest disables him from fairly and adequately representing the other shareholders" of the company. *See Ryan*, 765 F. Supp. at 135 (dismissing action and finding conflict of interest where plaintiff brought both individual and derivative claims); *Steinberg v. Steinberg*, 434 N.Y.S.2d 877 (Sup. Ct. 1980) (dismissing action brought by plaintiff whose "maintenance of this action is so fraught with such conflict of interest as to be legally impermissible"). Additionally, a party that has been accused of wrongful conduct in the management of a company is disqualified from representing that company as a derivative plaintiff. *See Maxwell v. Stein*, 1993 WL 512907 (S.D.N.Y. Dec. 3, 1993)

8

Finally, a party that will lose its status as a shareholder during the pendency of an action is not a proper representative to bring a derivative action. *See Martinez v. Barasch*, 2004 WL 1555191, at *7 (S.D.N.Y. July 12, 2004) (dismissing derivative action where plaintiff was no longer member of unincorporated association); *Johnson v. U.S.*, 317 F.3d 1331, 1333-34 (Fed. Cir. 2003) ("we are persuaded that when a plaintiff bringing an action on behalf of the corporation is the legal owner of the stock at the time of filing but does not maintain shareholder status throughout the course of the litigation, the plaintiff no longer has standing to bring the action").

Here, Plaintiff does not and cannot fairly and adequately represent the interests of the company and its shareholders. First, Plaintiff sold her apartment in HDFC and was required to execute transfer documents more than seven months ago. Thus, Plaintiff has no interest in HDFC and is not a proper representative of the company.

Moreover, Plaintiff has asserted individual claims against defendants Mark Schwartz and FIA in the Removed Action, while simultaneously pursuing this derivative action. Courts apply "a strict standard in scrutinizing simultaneous direct and derivative actions for signs of conflict" and routinely dismiss such claims. *See, e.g., Ryan,* 765 F. Supp. at 135. In this case, Plaintiff's conflict is stark. On her individual claims in the Removed Action, she seeks to obtain an additional payment of a minimum of $200,000 above the agreed-upon purchase price for her shares in HDFC. These individual claims are premised on the proposition that Schwartz and FIA constitute proper purchasers of shares in HDFC. However, as the purported representative of the shareholders in this action, Plaintiff is challenging the defendants' right to acquire the HDFC shares. Plaintiff, therefore, has an irreconcilable conflict of interest in bringing this action as a derivative plaintiff for the other shareholders of HDFC. Indeed, the fact that Plaintiff is taking these conflicting positions underscores her true motivation in bringing this action -- to put pressure on defendants

9

to pay her additional funds while HDFC is threatened with foreclosure. Plaintiff does not care if HDFC's property is foreclosed because she has been paid for her shares in the company and has nothing to lose, but she hopes that if she objects to HDFC's conduct, she will be able to enhance her personal interest in her frivolous litigation with defendants.[5]

Accordingly, Plaintiff cannot serve as the plaintiff for this derivative action because she has asserted individual claims that directly conflict with the claims she has asserted in this action. Indeed, Plaintiff's conflict of interest makes her singularly inappropriate to represent the interest of HDFC and its shareholders.

### III.    PLAINTIFF'S CLAIM IS BARRED BY ESTOPPEL

Under New York law, a shareholder is estopped from challenging - individually or through a derivative action - any corporate action which the shareholder approved or which the shareholder had knowledge but failed to object. *See Diamond v. Diamond*, 307 N.Y. 263, 266 (1954) (plaintiff estopped from pursuing derivative action); *Donovan v. Rothman*, 302 A.D.2d 238 (1st Dep't 2003) (shareholders estopped from challenging payments to which they consented); *Jacobson v. VanRhyn*, 127 A.D.2d 743, 744 (2d Dep't 1987) (director and shareholder waived any right to challenge corporate action where he "abstained from voting" upon that action); *Steinberg*, 434 N.Y.S.2d at 879 (Sup. Ct. 1980) (plaintiff was estopped from challenging expenditures "if she participated in, and benefitted from them").

---

[5]     Plaintiff's conduct in connection with HDFC's management during the time period in which a 7A Administrator was appointed for the building and the City of New York commenced foreclosure proceedings against HDFC is an additional reason that Plaintiff is a legally invalid representative for HDFC. Plaintiff was the President and member of the board of directors during this period. (Schwalb Decl. Ex. 3 ¶¶ 57-59; *id.* Ex. 1, p. 2 ("Inna Khiterer, the shareholder of Apartment 32, and president of the cooperative board")).

10

Plaintiff is challenging the special meeting and vote that occurred on November 10, 2014, but Plaintiff cannot deny that she was aware of the meeting, received notice of the agenda, and provided her proxy to defendants for the vote that she now claims is improper. The Complaint should be dismissed because Plaintiff is estopped from challenging a vote to which she did not object and, in fact, consented to via proxy. *See Pinnacle Consultants Ltd. v. Leucadia Corp.*, 261 A.D.2d 164 (1st Dept. 1999) (dismissing shareholder derivative action where plaintiff failed to object to transaction).

IV.   **IN THE ALTERNATIVE, THE ACTION SHOULD BE STAYED PENDING THE COURT'S DECISION REGARDING THE OWNERSHIP OF THE SHARES PLAINTIFF SOLD TO DEFENDANTS SCHWARTZ AND FIA**

Plaintiff's standing in this action is predicated on her ownership of shares in HDFC. However, Plaintiff sold her shares and there is a pending action between Plaintiff and Defendants Schwartz and FIA as to whether Plaintiff was obligated to exercise the transfer documents by November 30, 2014 and transfer her shares to Schwartz/FIA. Accordingly, even if the Court believes that Plaintiff currently is an appropriate representative to bring derivative claims, which as set forth above she is not, the Court should stay the action as to HDFC to allow the Court to determine the ownership of the shares for Apartment 32.

*Button v. Hodapp*, 1999 WL 46635, at *2 (S.D.N.Y. Feb. 1, 1999) is directly on point. The plaintiff brought a derivative action asserting claims for breach of fiduciary duty, waste, diversion of corporate assets and conversion. Prior to the action, the plaintiff had agreed to the sale of all his shares, but the appraisal and buyout had not been completed. The Court granted a stay of the action to allow the completion of the sale of the plaintiff's shares, at which time, the court ruled the "action would be moot" because the plaintiff would no longer be a shareholder of the company. *Id.*

11

Accordingly, in the event the Court does not dismiss this action, this action should be stayed so that the transfer of Plaintiff's shares in Apartment 32 can be completed, at which time, this action will be moot.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint against the HDFC or, in the alternative, stay the action, pending a determination as to whether Plaintiff must sign the transfer forms relating to her apartment.

Dated: New York, New York
July 21, 2015

        KOFFSKY SCHWALB, LLC

        By:  /s/ Efrem Schwalb
             Efrem Schwalb
             349 Fifth Avenue, Suite 733
             New York, New York 10016
             (646) 553-1590

             *Attorneys for Defendant 440 West 164th Street HDFC*