```
                                                              Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 4   In the Matter of:

 5

 6   440 WEST 164TH STREET HOUSING

 7   DEVELOPMENT FUND CORPORATION,     Case No. 15-20003-rdd

 8

 9         Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11   INNA KHITERER, INDIVIDUALLY

12   AND DERIVATIVELY,

13              Plaintiff,

14        v.                           Adv. Case No. 15-08276-rdd

15   440 WEST 164TH STREET HOUSING

16   DEVELOPMENT FUND CORPORATION,

17              Defendant.

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

19   KROLL, ET AL.,

20              Plaintiffs,

21        v.                           Adv. Case No. 15-08277-rdd

22   440 WEST 164TH STREET HDFC,

23   et al.,

24              Defendants.

25   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

Page 2

```
 1                    U.S. Bankruptcy Court

 2                    300 Quarropas Street

 3                    White Plains, New York

 4

 5                    July 28, 2015

 6                    10:35 AM

 7

 8

 9   B E F O R E :

10   HON ROBERT D. DRAIN

11   U.S. BANKRUPTCY JUDGE

12

13

14

15   Hearing re:  Adv. - 15-08276 - Pre-trial Conference

16

17   Hearing re:  Adv. 15-08276 - Answer to Complaint (Related

18   Doc # 1), Counterclaim against Inna Khiterer, individually

19   and derivatively on behalf of 440 West 164th Street Housing

20   Development Fund Corporation filed by Candace C. Carponter

21   on behalf of FIA 164 Holdings LLC, Mark Schwartz (Document

22   #4)

23

24   Hearing re:  Adv. 15-08276  Answer to Counterclaim (Related

25   Doc #4)(related document(s)4)
```

Page 3

1  Hearing re: Adv. 15-08277 - Status Conference on Notice of
2  Removal

25 Transcribed by: Dawn South

```
 1   A P P E A R A N C E S :

 2   KOFFSKY SCHWALB LLC

 3        Attorney for the Debtor

 4        349 Fifth Avenue

 5        Suite 733

 6        New York, NY 10016

 7

 8   BY:  EFREM SCHWALB, ESQ.

 9

10   BACKENROTH FRANKEL & KRINSKY, LLP

11        Attorney for the Debtor

12        800 Third Avenue

13        11th Floor

14        New York, NY 10022

15

16   BY:  MARK A. FRANKEL, ESQ.

17

18   PICK & ZABICKI LLP

19        Attorney for Inna Khiterer

20        369 Lexington Avenue

21        12th Floor

22        New York, NY 10017

23

24   BY:  DOUGLAS J. PICK, ESQ.

25
```

Page 5

1  ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.
2       Attorney for Secured Creditor
3       875 Third Avenue
4       New York, NY 10022-0123
5
6  BY:  A. MITCHELL GREENE, ESQ.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1                    P R O C E E D I N G S
2              THE COURT:  Okay.  In re: 440 West 164th Street
3    Housing Development Fund Corporation.  The two pretrial
4    conferences.
5              MR. PICK:  Good morning, Your Honor.  Douglas
6    Pick --
7              THE COURT:  Good morning.
8              MR. PICK:  -- counsel to Inna Khiterer.  To my
9    right is Ms. Khiterer.
10             THE COURT:  Okay.
11             MR. FRANKEL:  Mark Frankel, Backenroth Frankel &
12   Krinsky, attorneys for the debtor.
13             MR. SCHWALB:  Efrem Schwalb from Koffsky & Schwalb
14   for the debtor as well.
15             MR. GREENE:  A. Mitchell Greene of Robinson Brog
16   Leinwand Greene Genovese & Gluck for the secured creditor
17   SAC, and it's a long number, and David Goldwasser (ph).
18             THE COURT:  Okay.  All right.  Everyone can seat
19   down unless they're speaking.
20             Why don't we deal with Khiterer versus 440 West
21   164th Street Housing Development Fund Corp., et al., the
22   bankruptcy complaint as opposed to the one that was removed.
23   Let's deal with that one first.
24             I note that there have been -- that there's a
25   motion to dismiss that I'm going to be hearing on

1   August 20th?

2              MR. SCHWALB:  Correct, Your Honor.

3              THE COURT:  Okay.  And is that to dismiss all of

4   the claims?

5              MR. SCHWALB:  It's to dismiss all of the claims

6   against the debtor.

7              THE COURT:  Against the debtor.

8              MR. SCHWALB:  Yeah.

9              THE COURT:  All right.

10             MR. SCHWALB:  And I didn't think about --

11             THE COURT:  So it wouldn't dispose of the whole

12  litigation then I guess or would it?  I'm just trying to

13  figure out whether there should be anything happening in the

14  meantime.

15             MR. SCHWALB:  It should.  The other -- the

16  creditor has to file something, but the creditors that have

17  been sued, that case would be dismissed completely, because

18  it really only challenges an election that took place, and

19  the grounds -- sorry -- the motion would be grounds for

20  dismissing the entire case.

21             THE COURT:  Okay.  All right.  So, I guess it

22  doesn't make sense to have any discovery between now and

23  August 20th?

24             MR. SCHWALB:  Correct.  I don't believe so.

25             THE COURT:  Okay.  All right.  Okay.  Is there

1  anything more to be said on this one then?

2          MR. PICK:  No, Your Honor.  I think basically

3  response papers are due on August 13th, we'll have them

4  filed.  We had the motion to dismiss, it's frivolous, but

5  we'll address it.

6          THE COURT:  Okay.  All right.  Let me just address

7  one thing here.

8          The motion may deal with this, but the answer

9  really didn't deal with the jurisdictional allegations in

10 paragraphs 2, 3, and 4 of the complaint.

11         The first one is that the Court has jurisdiction

12 over the adversary proceeding, which of course you don't

13 necessarily need to -- you're not barred by failing to deny

14 that.

15         Paragraph 3 says this is a core proceeding.

16         And paragraph 4 says to the extent that it's not

17 core the debtor consents to the entry of final orders and

18 judgments.  The answer just says denies naja (ph) or

19 information sufficient to form a belief as to the truth of

20 the allegations, and I think you really need to be more

21 specific on that.

22         MR. SCHWALB:  Your Honor --

23         THE COURT:  Now the motion to dismiss may deal

24 with all that, I haven't read it yet.

25         MR. SCHWALB:  We didn't file an answer, we moved

```
 1   to dismiss, so it's --
 2              THE COURT:  All right.
 3              MR. SCHWALB:  -- the attorney actually is not
 4   here.
 5              THE COURT:  All right.
 6              MR. SCHWALB:  She's coming through security.
 7              THE COURT:  Oh.
 8              MR. SCHWALB:  But we'll obviously --
 9              THE COURT:  You should relate that to her.
10              MR. SCHWALB:  Absolutely.
11              THE COURT:  I need to know literally on whether
12   there's an agreement or disagreement with each of those --
13              MR. SCHWALB:  Okay, Your Honor.
14              THE COURT:  -- of those provisions -- those
15   paragraphs of the complaint.  And I would like them filed
16   and then get answered.  And obviously we'll deal with that.
17              Okay.  So why don't we move on then to the removed
18   adversary proceeding.
19              Well actually before we do obviously the motion to
20   dismiss just deals with the claims against the debtor, which
21   you say in all likelihood would end with a dismissal of the
22   complaint.  There were counterclaims.
23              MR. FRANKEL:  Yes, there are counterclaims.
24              THE COURT:  So, I guess even if I granted the
25   motion we'd still have to deal with the counterclaims.
```

1           MR. SCHWALB:  Correct, Your Honor.

2           THE COURT:  So I think in preparation for the

3    hearing on August 20th, Mr. Pick, you should discuss with

4    the counterclaim plaintiffs a discovery schedule.  Or maybe

5    there's agreed facts and we can just move to summary

6    judgment, I don't know, but I'd like to have that topic be

7    on the agenda for August 20th as well as the motion to

8    dismiss.

9           MR. SCHWALB:  Your Honor, when I last spoke to

10   counsel for those creditors who filed their answer and

11   counterclaims I understand that they're going to be filing a

12   motion on the pleadings.  They answered, but they intend to

13   file a motion on the pleadings, because the documents

14   themselves would resolve the entire lawsuit as well.

15          THE COURT:  Well that's not going to be on for the

16   20th, I don't think there's enough time for that, but you

17   should discuss it and maybe agree on a timetable and a

18   briefing schedule or whatever.  And if you disagree and you

19   believe that discovery is warranted, you know, I can treat

20   it as a pre-motion conference.

21          MR. PICK:  Will do.

22          THE COURT:  Okay.  All right.  So now why don't we

23   turn to the second adversary, which is the removed state

24   court proceeding, which now is against only FIA, SAC, and

25   the principals I guess, right?  Riverside and New York City

```
 1   are out, and I guess the debtor, although I'm not sure how

 2   the debtor is a party to this one other than as a nominal

 3   party.

 4           MR. PICK:  I think with respect to the removed

 5   action it's entwined with respect to our action, and maybe

 6   the best way to proceed is to combine -- consolidate the two

 7   actions into one proceeding.

 8           THE COURT:  Well they're different -- there's

 9   clearly different reliefs being sought.  I mean --

10           MR. PICK:  Agreed.

11           THE COURT:  -- in addition to the relief sought in

12   the bankruptcy action, which is really just over the vote

13   and the counterclaims, which are similar to the

14   counterclaims in the removed action, there's basically

15   contract claims, and I think those are going to have a life

16   of their own.

17           MR. SCHWALB:  Well, I think we actually are in

18   agreement that with the counterclaims, once the -- if the

19   bankruptcy case has the counterclaims in it the plaintiffs'

20   claims are the reverse of the counterclaims, so --

21           THE COURT:  Okay.

22           MR. SCHWALB:  -- they actually overlap.

23           THE COURT:  All right.  But it's not on for the

24   20th, that's just the election, that's just dealing with the

25   election.
```

```
 1              MR. SCHWALB:  Correct.
 2              THE COURT:  All right.
 3              MR. SCHWALB:  That's dealing with the election,
 4    that's correct.
 5              THE COURT:  Okay.  So what I said earlier about
 6    meeting and conferring with the counterclaim plaintiffs I
 7    think goes for this one too.  You should meet and confer
 8    before the 20th.  I'll use the 20th as a date where we'll
 9    set the discovery schedule, to the extent we need one, or
10    alternatively, you know, you will have agreed on a briefing
11    schedule on dealing with the counterclaims and the contract
12    claims in the removed action.
13              MR. PICK:  We should be able to do that.
14              THE COURT:  Okay.  All right.  Okay.  I guess
15    there's one point that I wanted to raise.
16              I read the state court's memo decision denying the
17    request for a preliminary injunction.  A lot of it was
18    obviously based on preliminary injunction law and the nature
19    of the complaint.  But there was one statement in it that I
20    think may be contradicted by an answer to the counterclaim,
21    which is that the plaintiffs don't deny that the full amount
22    of money was paid for the five apartments?
23              MR. SCHWALB:  There was money put in escrow,
24    $125,000 was put in escrow, so that money I think everybody
25    agrees has not been transferred because the plaintiffs
```

1  hasn't signed transfer documents, so it's waiting for --

2  THE COURT: Well for whatever reason it's still

3  sitting --

4  MR. PICK: In escrow.

5  THE COURT: -- in escrow.

6  MR. SCHWALB: There is -- in the state court

7  complaint there is also a claim that additional money was

8  supposed to be negotiated -- there's no contract that says

9  anything like this -- but that apparently orally there was

10  some agreement to pay more money for the apartments, a

11  couple of hundred thousand dollars was the negotiation that

12  was supposed to take place, and that would be the subject of

13  the motion on the pleadings that that oral agreement is an

14  oral agreement and can't be enforced.

15  THE COURT: But the -- so the reference in the

16  state court judge's -- let me just -- I'll quote it.

17  Page 6:

18  "Finally defendants contend that they have in fact

19     paid plaintiffs all of the money owed them under the

20     contracts for sale of all of the apartments and that

21     plaintiffs in fact have acknowledged receipt of those

22     funds. Plaintiffs do not dispute this allegation."

23  Now, I guess what -- do you dispute it or is it

24  only as to whether there's this other money that hasn't been

25  paid that counsel for the debtor was taking about?

1                MR. PICK:  Your Honor, it's a great question.

2                With respect to what the parties had understood,

3      and under the five so-called contracts, the monies under

4      those contracts have either been paid or were held in

5      escrow.

6                THE COURT:  Okay.  But the issue is whether

7      there's something else.

8                MR. PICK:  That's correct.

9                THE COURT:  And that's the subject of the

10     impending motion on the counterclaims.

11               MR. PICK:  Well the issue goes a little bit

12     further, it goes beyond the point of just simply whether or

13     not there's additional monies owed, the contracts don't

14     appear to be unenforceable on their face, and in addition

15     they're contingent --

16               THE COURT:  Well, all right, but I'm just -- I was

17     just trying to get down that one fact, because there was a

18     -- in the answer to the counterclaims there was denial that

19     the money had been paid, and I guess I now understand the

20     basis for that denial.

21               Okay.  All right.  Anything else?  No?  Okay.

22               Ma'am, your counsel for --

23               UNIDENTIFIED SPEAKER:  I'm the counsel for FIA --

24               THE COURT:  -- FIA.  Okay.

25               UNIDENTIFIED SPEAKER:  164.

```
 1              THE COURT:  So I had asked both counsel for the
 2   debtor and Mr. Pick, who's representing plaintiffs, to speak
 3   with you about a couple of things.
 4              UNIDENTIFIED SPEAKER:  Okay.
 5              THE COURT:  Which they'll do.
 6              One is whether you're going to join in the
 7   debtor's motion to dismiss, which is going to be heard on
 8   August 20th.
 9              The second is that you need to address paragraphs
10   2, 3, and 4 of the complaint in the bankruptcy action more
11   specifically than you did in the answer, and I would give
12   you time to do that.  The answer just had a deny information
13   and belief, but they really point that you need to either
14   deny or agree with, including, for example, if this is not
15   core or covered by outside of Stern v. Marhsall whether you
16   consent to a final ruling or not.  I need to know that
17   before August 20th.
18              UNIDENTIFIED SPEAKER:  No problem, Judge.
19              And with regard to joining in the motion --
20              THE COURT:  Right.
21              UNIDENTIFIED SPEAKER:  -- the answer is yes.
22              THE COURT:  Okay.  And something needs to be filed
23   to do that.
24              UNIDENTIFIED SPEAKER:  No problem, Judge.
25              THE COURT:  And then lastly I understood that it
```

15-08276-rdd   Doc 20   Filed 03/15/16   Entered 03/16/16 15:43:34   Main Document
         Pg 16 of 18

Page 16

```
1    was likely that on the counterclaims you were going to be
2    filing a motion fairly soon on the pleadings and/or -- I
3    guess that's it, although I don't want to put words in your
4    mouth.
5              UNIDENTIFIED SPEAKER:  Yeah, I'm not sure, Judge.
6              THE COURT:  Okay.
7              UNIDENTIFIED SPEAKER:  On that I'm not sure.
8              THE COURT:  All right.  Or whether you're going to
9    make a request for summary judgment, I just don't know, but
10   given that there's a motion to dismiss on for August 20th
11   there won't be any discovery between now and then.
12             You should meet and confer with Mr. Pick about a
13   briefing schedule and get a hearing date if you're going to
14   be making a motion on the pleadings.
15             If you want to make a summary judgment motion
16   based on the documents you should just set up a call with
17   chambers and Mr. Pick under the local rule so I have a heads
18   up on that.  And if you're not going to do either you should
19   speak with him on an outside date, a termination and
20   discovery date, so that you'll have thought about that and
21   we can discuss that on August 20th, because my pretrial
22   order sort of all flows from that discovery cutoff date.
23             UNIDENTIFIED SPEAKER:  No problem, Judge.
24             THE COURT:  Okay.
25             UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
```

Veritext Legal Solutions
212-267-6868                www.veritext.com                516-608-2400

1                THE COURT:  Okay.
2         (Whereupon these proceedings were concluded at 10:49
3    AM)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1          C E R T I F I C A T I O N

2

3    I, Dawn South, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5    *Dawn South* (Digitally signed by Dawn South
     DN: cn=Dawn South, o=Veritext, ou,
     email=digital@veritext.com, c=US
6    Date: 2016.03.15 11:18:03 -04'00')
     _____

7    Dawn South

8    AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12   Date:   July 30, 2015

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

23   330 Old Country Road

24   Suite 300

25   Mineola, NY 11501